1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADDIE SMITH,

                  Plaintiff,

    v.

LEGACY PARTNERS INC, CHRISTINA
JONES, MICHAEL HOLT, GLEN
CERIDONO, SYRES PROPERTIES,
JOSEPH SYUFY, SYUFY ENTERPRISES
LP, SYWEST DEVELOPMENT,
SYHADLEY LLC,

                  Defendants.

CASE NO. 2:21-cv-00629-JHC-BAT

**ORDER GRANTING
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER**

This matter was reassigned to the Honorable District Court Judge John H. Chun, who has referred several non-dispositive pre-trial motions to the undersigned Magistrate Judge. This Order addresses Defendants' ("Legacy") Motion for Protective Order (Dkt. 22).

Legacy seeks entry of a Protective Order, which includes the standard language found in the Model Protective Order in the Western District of Washington specifying that "a receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation." The proposed Protective Order would restrict Plaintiff's use of documents in any other cases or proceedings absent further court order. *See* Dkt. 22, Ex. A.

Having considered the motion, Plaintiff Addie Smith's response (Dkt. 25), and Defendants' reply (Dkt. 26), the Court **GRANTS** Defendants' motion.

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 1

**BACKGROUND**

Plaintiff, who is African American, alleges Defendants violated her rights under 42 USC § 1981, engaged in race and sex discrimination, created a hostile work environment, and retaliated against her. Dkt. 1. Plaintiff also alleges negligence and premise liability related to Defendants' duty to keep her safe at the Hadley Apartments. *Id.*, p. 13.

**STATEMENT OF FACTS**

A.    Plaintiff's Performance History and Termination of Her At-Will Employment

In 2019, Legacy provided property management services to the Hadley Apartments on Mercer Island, Washington. Dkt. 24, Declaration of Michael Holt ("Holt Decl."), ¶ 3. In May 2019, Legacy hired Plaintiff to work as the business manager for the Hadley Apartments. *Id.*, Holt Decl., ¶ 4. At Plaintiff's request, she was offered an apartment in the Hadley Apartments as a benefit of her employment with Legacy. Plaintiff executed a Lease Agreement and Employee Addendum to Rental Agreement / Rent Paid by Legacy related to her tenancy. *Id.*, Holt Decl., ¶¶ 4-5; Exs. A, B.

As business manager, Plaintiff was responsible for general administration and maintenance of the Hadley Apartments, including interacting with residents and prospective tenants, responding to resident concerns in a timely and courteous manner, responsibility for community development and housekeeping including resident satisfaction, retention, and activities. Soon after Plaintiff's employment began, Legacy began to receive complaints from Hadley Apartment residents about Plaintiff's rude and unprofessional manner of dealing and communicating with them. Dkt. 24, Holt Dec., ¶ 6. In response, Plaintiff emailed her supervisors explaining interpersonal disagreements with several residents, such as disagreements about the no-smoking policy, delivery of residents' mail and packages, a resident's request to be moved up

1    on a wait list for certain apartments, gripes about loud neighbors, and posted signage regarding

2    dog areas. *Id.*, Holt Decl., ¶ 7.

3            Based on multiple concerns regarding Plaintiff's performance and her interactions with

4    residents and other team members, Legacy terminated Plaintiff's at-will employment on August

5    7, 2019. Dkt. 24, Holt Decl., ¶ 8. At no time during her employment did Plaintiff ever report any

6    race-based behavior or comments by any resident, Legacy employee, or property owner

7    representative. *Id.*, ¶ 9.

8    B.     Plaintiff's Other Litigation and Actions

9            Immediately after termination of her employment on August 7, 2019, Plaintiff directed a

10   barrage of maligning, insulting, and outright false emails to numerous employees and corporate

11   officers of Legacy, professional organizations, representatives of the Hadley Apartments'

12   ownership entity and other business entities, and to many others, including Washington

13   Governor Jay Inslee, California Governor Gavin Newsom, the Secretaries of State of

14   Washington and California, [U.S. Department of] Housing and Urban Development, Citizens

15   Affordable Housing Task Force, Archdiocesan Housing Authority, Catholic Community

16   Services, Downtown Action to Save Housing, King County Housing Authority, YWCA, "and

17   Others." Dkt. 24, Holt Decl., ¶ 13.

18           When Plaintiff continued this campaign even after receiving a Cease and Desist letter, the

19   individual Defendants and several other individuals sought and were granted Orders for

20   Protection – Harassment against Plaintiff in King County District Court (Case No. 195-02398)

21   on December 6, 2019. Dkt. 24, Holt Decl., ¶¶ 13-15. The King County Superior Court reversed

22   the trial court's grant of anti-harassment orders on July 17, 2020. Case No. 19-2-33038-4 SEA.

23

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 3

1       Following her termination, Plaintiff failed to pay rent as required under her Lease

2    Agreement. On September 18, 2019, Plaintiff was provided with a notice to vacate the apartment

3    by October 31, 2019. Plaintiff refused to vacate the premises and failed to pay rent. Legacy

4    initiated an unlawful detainer action against Plaintiff. Dkt. 24, Holt Decl., ¶¶ 5, 16. King County

5    Superior Court granted the unlawful detainer and writ of restitution on November 19, 2019 in

6    Case No. 19-2-28674-1 SEA. *See* Dkt. 19, Fletcher Decl., ¶ 4; Ex. 5. Plaintiff moved to vacate

7    the judgment and stay enforcement of the writ, and later appealed the decision. *See* Dkt. 19,

8    Fletcher Decl., ¶¶ 4 and 6; Exs. 3, 5 thereto.

9       On November 26, 2019, Plaintiff was arrested on Mercer Island, Washington for

10   allegedly assaulting a fellow Hadley Apartments resident in the hallway inside the apartment

11   building. Plaintiff was charged with provoking assault and assault and battery. *Mercer Island v.*

12   *Smith*, Case No. 9Z0930066 MIP. This case is still currently pending. *See* Dkt. 19, Fletcher

13   Decl., ¶ 2, and Ex. 1 thereto. The resident Plaintiff allegedly assaulted had complained to Legacy

14   about Plaintiff. Dkt. 24, Holt Decl., ¶ 10.

15      Defendant SyHadley, LLC, owner of the Hadley Apartments, initiated a second unlawful

16   detainer action based Plaintiff's arrest and because she was continuing to live rent-free in the

17   Hadley Apartments in King County Superior Court, Case No. 20-2-01335-8 SEA. This was

18   granted and a writ of restitution issued on January 28, 2020. *See* Dkt. 19, Fletcher Decl., ¶ 7; Ex.

19   6 thereto. Plaintiff appealed this decision. *Id.*, ¶ 5; Ex. 4 thereto. Plaintiff filed a Motion for

20   Discretionary Review of both unlawful detainer actions to the Washington Supreme Court. Case

21   No. 981965. The Supreme Court issued an Order Denying Review on April 9, 2020. Dkt. 19,

22   Fletcher Decl., ¶ 3; Ex. 2 thereto.

23

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 4

Plaintiff's two unlawful detainer appeals were consolidated (Case Nos. 80780-3 and 81080-4). The Court of Appeals affirmed both lower court orders on September 27, 2021, finding Plaintiff to be in unlawful detainer status and authorizing the issuance of writs of restitution for Plaintiff's eviction and granting attorneys' fees to Respondent SyHadley. Dkt. 19, Fletcher Decl., ¶ 4; Ex. 3 thereto.

Plaintiff has also filed a wage claim against her employer Legacy with the Washington State Department of Labor and Industries, challenging her classification as exempt and claiming entitlement to overtime pay. Docket No. 01-2021-LI-010601, Agency No. DOC -058-21. *See* Dkt. 19, Fletcher Decl., ¶ 12; Ex. 10 thereto.

Plaintiff has also sought anti-harassment orders against two former Hadley Apartments residents, and three current or former Hadley Apartments residents have sought anti-harassment protection from Plaintiff. Dkt. 19, Fletcher Decl., ¶¶ 8-10; Ex. 7-9 thereto. After learning that another resident had complained to Legacy about her conduct, Plaintiff wrote that resident's employer directly claiming to be the business manager of the Hadley Apartments even though her employment had been terminated at that time. Dkt. 24, Holt Decl., ¶ 12.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order upon a showing of good cause and where justice requires that such an order is entered to protect a party from annoyance, embarrassment, oppression, undue burden, or expense. The Court retains broad discretion to issue an order "forbidding the disclosure or discovery," and/or "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A) and (D). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times*

1    *v. Rinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

2    Protective orders usually include provisions indicating that specific confidential

3    information may be used only for purposes of current litigation. *Nat'l Prods., Inc. v. Innovative*

4    *Intelligent Prods., LLC*, Case No. 2:20-cv-00428-RAJ, 2021 WL 2671874 (W.D. Wash. June 29,

5    2021) (citing *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010)). Such

6    provisions are generally accepted as an effective way of protecting sensitive information while

7    granting trial counsel limited access to it for purposes of the litigation. *In re Deutsche Bank*

8    *Trust Co. Ams.*, 605 F.3d at 1378. Moreover, no reason exists here for a prospective grant to

9    disclose materials in other matters. *See, e.g.*, *Beavers-Gabriel v. Medtronic, Inc.*, Case No. 13-

10   00686 JMS-RLP, 2014 WL 7882009 (D. Haw. June 20, 2014) (the district court rejected a

11   plaintiff's request for preemptive permission to disclose discovery in other actions).

12   Plaintiff has not objected that good cause exists for the entry of a Protective Order. The

13   sole point of contention between the parties is whether Plaintiff should be permitted to use and

14   disclose discovery materials produced under a Protective Order as part of this matter in other,

15   unspecified actions. In fact, Plaintiff originally expressed agreement to the proposed Protective

16   Order and included language to protect her own medical records. Plaintiff objected only to the

17   provision that materials covered by proposed Protective Order be used for purposes of this

18   litigation only. The language included in the proposed Protective Order is the same language

19   used in the Model Protective Order of this District. Dkt. 23, Fletcher Decl., ¶¶ 1-7, Exs. 1-4.

20   Plaintiff has made no showing or even articulated any proposal regarding what

21   confidential materials she wants to be able to use, where or how she wants to be able to use

22   them, how they might be relevant in any other proceeding, or why, even if relevant elsewhere,

23   they cannot be obtained through the proper means and procedures governing any other such

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 6

proceeding. On the other hand, Defendants have demonstrated legitimate concerns of how Plaintiff may use confidential materials based on her history of contacting business groups, Legacy's clients, governmental and other agencies. Dkt. 24, Holt Decl., ¶¶ 13-15. Defendants have also demonstrated reasonable concerns for the privacy and security of Hadley residents who previously raised complaints about Plaintiff. *See* Dkt. 19, Fletcher Decl., Exs. 7, 8, and 9.

Based on the foregoing, the Court finds that Defendants have shown good cause for entry of the proposed Protective Order. Dkt. 22, Attachment A. Accordingly, it is **ORDERED** that Legacy's Motion for Protective Order (Dkt. 22) is **GRANTED**; Plaintiff's use of documents produced pursuant to the Protective Order is prohibited in any other cases, proceedings, whether civil, criminal, appellate, administrative, or other, pursuant to the Protective Order terms or absent further Court Order. In the event another court rules that material protected here should be allowed in another case, Plaintiff may seek a modification of the protective order. *See*, *e.g.*, *Foltz v. State Farm Mut. Automobile Ins. Co.*, 331 F.3d 1122, 1132-33 (9th Cir. 2003) ("collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein.")

A Protective Order in the format proposed (Dkt. 22, Attachment A) shall issue separately.

DATED this 18th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 7