UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADDIE SMITH,

              Plaintiff,

v.

LEGACY PARTNERS INC, CHRISTINA JONES, MICHAEL HOLT, GLEN CERIDONO, SYRES PROPERTIES, JOSEPH SYUFY, SYUFY ENTERPRISES LP, SYWEST DEVELOPMENT, SYHADLEY LLC,

              Defendants.

CASE NO. 2:21-cv-00629-JHC-BAT

**ORDER GRANTING MOTION TO COMPEL IN PART AND DENYING MOTION FOR EXTENSION AS MOOT**

Defendants Legacy Partners Inc., Christina Jones, Michael Holt, Glen Ceridono, Syres Propeorties, Joseph Syufy, Syufy Enterprises LP, Sywest Development, and Syhadley LLC ("Legacy") move the Court for an order compelling Plaintiff's discovery responses. Dkt. 34. Defendants also seek recovery of their attorney's fees associated with this motion. *Id.* Plaintiff Addie Smith filed a motion for an extension of time to respond to the motion. Dkt. 37.

Having considered the parties filings, responses, replies, and balance of the record, the Court **GRANTS** the motion to compel in part, and **DENIES** the motion for extension of time as moot. The Court has considered all filings submitted by the parties in connection with these two motions.

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 1

## BACKGROUND

On May 11, 2021, Plaintiff filed this employment-based action against her former employer Legacy; four independent entities, Syres Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, and SyHadley, LLC; Legacy employees Michael Holt and Christina Jones, and non-Legacy individuals Glen Ceridono and Joseph Syufy. Dkt. 1. Plaintiff alleges Defendants violated her rights under 42 USC § 1981, engaged in race and sex discrimination, created a hostile work environment, and retaliated against her. Plaintiff also alleges negligence and premise liability related to Defendants' duty to keep her safe at the Hadley Apartments.

On July 13, 2021, Legacy served its first set of Interrogatories and Requests for Production on Plaintiff. Dkt. 35, Declaration of Kathryn Fletcer, Exs. A, B (Legacy's Interrogatories and Requests for Production to Plaintiff). Also, on July 13, 2021, Defendants Syres Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, Glen Ceridono, and Joseph Syufy (collectively the "Syufy Defendants") served their own sets of discovery requests on Plaintiff consisting of four Interrogatories and four Requests for Production each. *Id.*, Ex. C.

In total, Defendants served seven sets of Interrogatories and Requests of Production on Plaintiff. Plaintiff's responses were due 30 days after service. Fed. R. Civ. P. 33 and 34. On August 13, 2021, Counsel for Defendants granted Plaintiff's request for a two-week extension in which to respond to discovery. Dkt. 35, Fletcher Decl., Ex. E. Thus, Plaintiff's responses were due on or about August 26, 2021, but Plaintiff's responses were not received by this date. *Id.*, Fletcher Decl., ¶ 7. Plaintiff did not request any additional extension. *Id.*

Defendants' counsel wrote Plaintiff's counsel on September 3, 2021, requesting Plaintiff's discovery responses. Dkt. 35, Fletcher Decl., Ex. F. Plaintiff's counsel wrote back on

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 2

1   Tuesday, September 14, 2021, stating "[r]egarding our discovery responses owed to you, we plan
2   to have those back from our client in time to review them and deliver them to you by Friday
3   [September 17, 2021]." *Id*., ¶ 9, Ex. G.
4       On September 28, 2021, more than a month after they were due, Plaintiff served
5   unverified written responses, but only to two of the seven sets of interrogatories propounded to
6   her, those served by defendants Legacy and Mr. Ceridono. Dkt. 35, Fletcher Decl., ¶ 10, Ex. H.
7   Plaintiff also asserted untimely objections and provided very little in the way of substantive
8   responsive content to many of the interrogatories. The limited interrogatory responses were not
9   verified by Plaintiff or signed by counsel. *Id*. Plaintiff failed to serve any written responses to
10  any of the Defendants Requests for Production of Documents. *Id*., ¶ 11. Plaintiff's entire
11  document production consisted of just six documents, each simply the record of a court
12  proceeding in which Plaintiff is involved (which Plaintiff knew were already in the Defendants'
13  possession). *Id*., ¶ 12. Plaintiff produced none of the documents requested in any of the
14  Defendants' Requests. *Id*.
15      Plaintiff's counsel moved to withdraw on September 30, 2021. Dkts. 16, 17.
16      Included in Defendants' motion to compel is a certification detailing their attempts to
17  meet and confer. These include letters and emails detailing the deficiencies in Plaintiff's
18  discovery requests and several attempts to confer with Plaintiff's counsel. At the time however,
19  Plaintiff's counsel advised that she and her firm could no longer continue to work on the case
20  due to a conflict of interest and the parties were unable to engage in meaningful meet and confer
21  discussions. Dkt. 34, p. 5. The Court granted Plaintiff's counsel's motion to withdraw on the
22  same day as the motion to compel was filed. Dkt. 33.
23

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 3

To date, Plaintiff has failed to provide (1) any written responses to the Interrogatories served by five of the six Syufy Defendants, (2) any written responses to any of the Requests for Production served by any Defendants, (3) any documents sought in the Defendants' Requests for Production. Defendants seek an order compelling the following:

1. Plaintiff's responses to the sets of Interrogatories served by Defendants SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, and Joseph Syufy;

2. Plaintiff's complete, verified, signed responses, without objection, to the Interrogatories served by Defendant Legacy;

3. Plaintiff's written responses, without objection, to all of the Requests for Production served on her by the Defendants, including Legacy, SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, Glen Ceridono, and Joseph Syufy;

4. Plaintiff's documentary responses to all of the Requests for Production served on her by the Defendants, including Legacy, SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, Glen Ceridono, and Joseph Syufy; and

5. Plaintiff's payment of Defendants' attorney's fees associated with this motion to compel.

Plaintiff contends that there "are hundreds of questions from all of the Defendants" and in light of her counsel's withdrawal, she requests a sixty-day extension to respond to the requests. Dkt. 37, pp. 4-5.

**DISCUSSION**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "One of the primary purposes of discovery is to uncover the facts on which your opponents' claim or defense is based: such facts are clearly discoverable." *Campbell v. Washington*, 2009 WL 577599 (W.D. Wash. March 5, 2009).

If a party resists discovery or fails to respond, a requesting party may move to compel discovery. Fed. R. Civ. P. 37(a)(1). A party is entitled to an order compelling answers if the opposing party fails to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Comput. Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

A.   Discovery at Issue

Interrogatories:

1. Interrogatory 1 seeks information related to Plaintiff's residence(s) for the prior five years. Plaintiff provided no previous residence addresses.

2. Interrogatory 3 seeks Plaintiff's employment history for the previous ten years. Plaintiff provided no information regarding any previous employers.

3. In response to Interrogatory 4, Plaintiff represented she was gathering the identified documents for production, but she has not yet provided them.

4. Interrogatory 7 seeks information related to Plaintiff's social media activity and accounts. Plaintiff responded that her accounts "are [not] accessible," or she does not remember information related to them.

5. Interrogatory 10 seeks information related to Plaintiff's prior lawsuits, claims, etc. that Plaintiff has brought or been involved in. Plaintiff identified no responsive information other than those matters that arose since her employment with Legacy. Specifically, she failed to identify any prior complaints or claims she has ever made, though Defendants have reason to believe they exist.

6. Interrogatory 11 seeks information related to prior arrests, charges, etc., involving Plaintiff. Plaintiff provided information related only to her arrest for physically assaulting a fellow apartment resident, information already well known to Defendants. Defendants have reason to believe that Plaintiff has prior criminal arrests, charges and convictions that are discoverable in this action.

|   |     |     |
|---|-----|-----|
| 1 | 7.  | Interrogatory 12 seeks information related to Plaintiff's claim for damages. Plaintiff's response refers to expenses but did not provide them. Defendants are entitled to Plaintiff's calculation of her damages, if any. |
| 3 | 8.  | Interrogatories 13 and 14 seek information related to Plaintiff's efforts to mitigate her damages and seek employment. Plaintiff claims to have looked for work but failed to identify a single employer with whom she applied for work. She claims the information is too great to summarize, and the documents too voluminous. |
| 6 | 9.  | Interrogatory 16 seeks information related to payments and income Plaintiff has received. Plaintiff failed to fully identify the sources, amounts, dates and types of payments she received. |
| 8 | 10. | Interrogatories 17, 18, and 19 seek information related to non-pecuniary losses claimed by Plaintiff, other damages, and identification of health care providers. Plaintiff responded that records of her medical and/or mental health treatment "serve as the best evidence" responsive to these interrogatories, yet, despite corresponding Requests for Production 1, 50, and 51, Plaintiff failed to produce any documents related to her response, or a signed authorization for records. |
| 12 | 11. | Interrogatory 21 seeks information related to any diaries, journals, notes, etc., maintained by Plaintiff that related to her employment with Legacy and/or the allegations in her Complaint. Plaintiff failed to respond and asserted a belated objection to the number of interrogatories. |

Dkt. 34, pp. 8-9.

<u>Requests for Production</u>

In summary, Defendants' discovery requests seek documents related to Plaintiff's claims against them, their defenses to such claims, plaintiff's claims for damages, as well as documents related to her employment, educational, and claims filing history. In response, Plaintiff provided only copies of a King County District Court docket relating to the 2019 anti-harassment protection order granted against her in favor of one of the defendants, briefing regarding the unlawful detainer actions against her, and hearing transcripts relating to one the unlawful detainer actions against her. Dkt. 34, pp. 11-12.

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 6

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. "District courts have broad discretion in determining relevancy for discovery purposes." *Id*. (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002)). Discovery related to, for example, a plaintiff's prior residences, employment and education history, claim and complaint-making history, medical and mental health care history and providers, plaintiff's damages and calculation of same, and plaintiff's reports of harassment to a defendant are relevant, discoverable, and should be answered by a plaintiff, particularly in an employment discrimination case. *See e.g.*, *Warren v. Bastyr University*, 2013 WL 1412419 *2 (W.D. Wash. April 8, 2013).

The Court finds that all of the interrogatories and requests for production at issue seek information that is clearly relevant to the claims and defenses asserted in this litigation. The Court also finds that Plaintiff's objections to these discovery requests were waived because they were not timely and not signed by her attorney. *See* Fed. R. Civ. P. 33(b)(4) (Objections not raised within thirty days of being served with interrogatories are "waived unless the court, for good cause, excuses the failure."); *Wilkerson v. Vollans Automotive, Inc*., 2009 WL 1373678 (W.D. Wash. 2009) (A party who shows no good cause for their delay will therefore waive their objections); *see also* Fed. R. Civ. P. 33(b)(3) (each interrogatory must, to the extent it is not objected to, be answer separately and fully in writing under oath) and Fed. R. Civ. P. 33(b)(5) (the person who makes the answers must sign them, and the attorney who objects must sign any objections); *see also* Fed. R. Civ. P. 34(b0(2)(A) (Requests for production of documents and

tangible things must also be responded to in writing within 30 days after being served.); Fed. R. Civ. P. 34(b)(2)(B) (for each item requested, the responding party must either state that inspection or production will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The production of responsive documents must be completed no later than the time specified in the request.); Fed. R. Civ. P. 34(b)(2)(C) (Any objection must state whether any responsive materials are being withheld on the basis of that objection.)

The Court is mindful that Plaintiff's counsel withdrew from this case in December 2021. However, the record reflects that Plaintiff's responses to Legacy's and Mr. Ceridono's interrogatories were already more than a month late at that time, even with the extension granted by Defendants. Plaintiff did not request any additional extension, nor has Plaintiff offered any excuse for her delay, much less a reason constituting good cause. Although Plaintiff is now representing herself in this action, she is still required to follow the Federal Rules of Civil Procedure. Additionally, more than three months have passed since Defendants filed their motion to compel. As such, Plaintiff has had additional time to respond fully and/or supplement her answers to the discovery requests and to compile the documents requested by Defendants. Plaintiff must provide complete, verified, signed responses, without objection. Defendants are also entitled to know whether responsive documents exist and whether plaintiff will produce them. If Plaintiff has no other documents to support her case, she should so state.

C.     <u>Defendants' Request for Attorney Fees</u>

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 8

However, the Rule recognizes various exceptions, such as where the court finds the non-moving party's nondisclosure, response, or objection was substantially justified or "other circumstances make an award of expenses unjust." *Id*. A third exception is where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

Defendants included a certification of attempts made to meet and confer on their motion. Dkt. 34, p. 5. Their efforts to confer on the motion to compel were unsuccessful due to the pending motion of Plaintiff's counsel to withdraw and refusal to allow Plaintiff to meet and confer instead. *Id.* The Court granted counsel's motion to withdraw the same day Defendants filed this motion to compel. Dkt. 33.

Plaintiff contends that no attempt was made to confer with her after her counsel withdrew and that before withdrawing, her counsel asked that Defendants wait on filing further motions until a decision came on the motion to withdraw. Dkt. 37, p. 2. She also states that she is attempting to answer the interrogatories and obtain new counsel. *Id.*, p. 4.[1]

Due to the unusual circumstances surrounding the withdrawal of Plaintiff's counsel, the Court is inclined to deny Defendants' request for attorney's fees this time. However, regardless of Plaintiff's present pro se status, this is a lawsuit that was initiated by Plaintiff and Defendants are entitled to complete answers to their discovery requests so that they may properly prepare their defense.

---

[1] Plaintiff also contends that Defendant Legacy's discovery responses are incomplete or untruthful. Dkt. 37. However, Legacy's discovery responses are not at issue in this motion. If Plaintiff seeks intervention by the Court, she must first meet and confer in good faith with counsel for Defendant Legacy and if the parties are unable to resolve their discovery disputes, Plaintiff may file, serve, and note a motion to compel consistent with the Federal Rules.

ORDER GRANTING MOTION TO COMPEL
IN PART AND DENYING MOTION FOR
EXTENSION AS MOOT - 9

Accordingly, it is **ORDERED** that Defendants' Motion to Compel (Dkt. 34) is **GRANTED** (except as to their request for attorney fees); Plaintiff's Motion for Extension of Time (Dkt. 37) is **DENIED as moot**. Plaintiff shall provide the following discovery responses within **ten (10) days of this Order**:

1. Plaintiff's responses to the sets of Interrogatories served by Defendants SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, and Joseph Syufy;

2. Plaintiff's complete, verified, signed responses, without objection, to the Interrogatories served by Defendant Legacy;

3. Plaintiff's written responses, without objection, to all of the Requests for Production served on her by the Defendants, including Legacy, SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, Glen Ceridono, and Joseph Syufy;

4. Plaintiff's documentary responses to all of the Requests for Production served on her by the Defendants, including Legacy, SyRES Properties, LLC, Syufy Enterprises, LP, SyWest Development, LLC, SyHadley, LLC, Glen Ceridono, and Joseph Syufy; and

It is further **ORDERED** that if Plaintiff fails to provide the discovery responses ordered herein, Rule 37(b)(2)(A) authorizes the Court to impose whatever sanctions are just, including dismissal of part or all of her claims and/or monetary sanctions, including payment of Defendants' attorney's fees for this motion and any future motion to compel the same information ordered herein.

DATED this 19th day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge