UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>                    Plaintiff,<br><br>         v.<br><br>LEGACY PARTNERS INC, CHRISTINA JONES, MICHAEL HOLT, GLEN CERIDONO, SYRES PROPERTIES, JOSEPH SYUFY, SYUFY ENTERPRISES LP, SYWEST DEVELOPMENT, SYHADLEY LLC,<br><br>                    Defendants. | CASE NO. 2:21-cv-00629-JHC-BAT<br><br>**ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION** |

Defendants Glen Ceridono, Michael Holt, Christina Jones, Legacy Partners Inc, Syhadley LLC, Syres Properties, Joseph Syufy, Syufy Enterprises LP, Sywest Development seek an order compelling the deposition of Plaintiff Addie Smith. Dkt. 50. Plaintiff has filed a response (Dkt. 59) and Declaration (Dkt. 60); Defendants have filed a reply (Dkt. 61). Having carefully considered the parties filings and balance of the record, the Court finds that the motion should be granted.

BACKGROUND

Plaintiff filed her Complaint on May 11, 2021, alleging employment-based causes of action against her former employer, Legacy Partners, Inc., and is also suing eight other defendants including individuals and entities. Dkt. 1.

Defendants served their first sets of Interrogatories and Requests for Production on

1   Plaintiff's then counsel on July 13, 2021. Dkt. 51, Fletcher Decl. ¶ 3. After Plaintiff failed to

2   provide timely and complete responses to these discovery requests, Defendants filed a motion to

3   compel. Dkt. 34. The Court granted that motion on April 19, 2022.

4         In the interim, Plaintiff's counsel moved to withdraw on September 30, 2021 and the

5   Court granted that motion on December 2, 2021. Dkts. 18 and 33. Plaintiff is currently pro se.

6         Defendants have also sought discovery from third parties via subpoenas duces tecum but

7   claim that Plaintiff has obstructed those efforts by threatening the third parties with lawsuits if

8   they comply. A motion for sanctions against Plaintiff for this obstruction is pending. *See*, Dkts.

9   48 and 49, Ex. B thereto. The motion for sanctions will be addressed under separate order.

10        On January 20, 2022, Defendants served a Notice of Videotaped Deposition of Addie

11  Smith on Plaintiff via overnight Federal Express, along with a letter providing details related to

12  the deposition. Dkt. 51, Fletcher Decl., Ex. A. On January 31, 2022, Defendants received via the

13  Court's ECF System email notice that Ms. Smith had filed with the Court a Notice of Videotaped

14  Deposition of Glen Ceridono, Joseph Syufy, Christina Jones, Glen Ceridono (sic), Brett Wilson,

15  Tatiana Dixon, Summer Wong, Megan Mier, Ronny Chesvick, Rumel Ramos, Zachary Arama,

16  Amelia Johnson, Lorena Nelson. *Id.*, Fletcher Decl., ¶ 6, Ex C, and Dkt. 47. Plaintiff's Notice of

17  Videotaped Deposition purported to set all twelve depositions to take place on March 28, 2022,

18  in *the offices of Defendants' counsel. Id*. Many of these individuals are non-parties and outside

19  the personal jurisdiction of this Court and some are unknown to Defendants.

20        On February 1, 2022, Defendants received a letter from Ms. Smith dated January 28,

21  2022, stating in part:

22        With regard to the Notice of Videotaped Deposition, I am not available on
          February 10, 2022. I am not available for the entire month of February for
23        deposition. I have submitted a Notice of Videotaped Deposition. It is included
          with this letter. As well, my Memorandum in Opposition to Defendants'

ORDER GRANTING MOTION TO COMPEL
PLAINTIFF'S DEPOSITION - 2

> Objections and Responses to Plaintiff's Second Set of Interrogatories and Request for Production of Documents. I will depose the people listed, in my notice to you, first. We can either have my deposition after lunch or we can alternate days. Wherein I will depose the Defendants the first day, and you may depose me the second day and I will depose the Defendants the third day, and so on. Or we may do half days, each day, wherein I will depose the defendants the first half of the day and you may depose me the second half of the day. However, I will depose the Defendants first.

Dkt. 51, Fletcher Decl., Ex. D, p. 1[1].

On February 1, 2022, Defendants' counsel sent via email and U.S. Priority Express Mail, a letter to Ms. Smith, advising that Defendants intended to proceed with Ms. Smith's deposition on February 10, 2022 absent a legitimate reason why she could not attend and offering to reschedule her deposition to February 23 or 24, 2022 if necessary. Dkt. 51, Fletcher Dec., Ex. E. Defendants stated they would not agree to delay Ms. Smith's deposition until the end of March and did not agree to Plaintiff unilaterally dictating the order of depositions, particularly in light of Defendants' proper service of their notice to take Plaintiff's videotaped deposition. *Id*. This letter requested that Ms. Smith respond by 5:00 p.m. on February 2, 2022, but Plaintiff did not respond by the requested time. *Id.*, Fletcher Decl., ¶ 8. Plaintiff previously also failed to respond to a January 31, 2022 email requesting that she confirm her appearance for her February 10, 2022 deposition. *Id.*, Fletcher Decl., Ex. B.

Ms. Smith has refused to agree to email service and has not enrolled in the Court's CM/ECF system. Thus, Defendants only option for same-day service of motion papers and pleadings is through personal service at her dwelling, as provided for in Federal Rule of Civil Procedure 5(b).

---

[1] Although Plaintiff refers to "defendants," many of the individuals she noticed for deposition are not parties to this action.

ORDER GRANTING MOTION TO COMPEL
PLAINTIFF'S DEPOSITION - 3

On the evening of February 3, 2022, Ms. Smith emailed Defendants' counsel at 7:00 p.m. explaining that she had come to the offices of Defendants' counsel after business hours that evening in an attempt to "return" Defendants' Motion for Sanctions that was served on her that day. Dkt. 51, Fletcher Decl., Ex. F. In a February 4, 2022 email response, Defendants addressed Plaintiff's February 10, 2022 deposition as follows:

> Lastly, we did not hear back from you regarding your deposition as we requested, so we plan to see you next Thursday in our office at 9:30 a.m. Please note that failure to appear as noticed or to reach agreement on one of the alternative dates we offered, makes you subject to court sanctions, including potentially attorneys' fees and costs.

Dkt. 51, Fletcher Decl., Ex. G. Ms. Smith responded via email on February 4, 2022, refusing to appear for her deposition on February 10, 2022:

> Additionally, all depositions will occur per the documents I've submitted to the court and to you. I will not be available, as my letter stated to you.

Dkt. 51, Fletcher Decl., Ex. H.

Defendants' counsel has requested that Ms. Smith provide her telephone number for the purposes of meeting and conferring, and also as required under LCR 10(f), but Ms. Smith has refused, claiming she has no telephone number. Dkt. 51, Fletcher Decl., Exs. I, and D. In addition, there appears to be video evidence contradicting Plaintiff's contention about the lack of a telephone. Dkt. 63, Declaration of Brett Wilson, ¶ 5.

On February 8, 2022, counsel for Defendants emailed Plaintiff requesting that she call to engage in a meet and confer conference on the subject. Dkt. 51, Fletcher Decl., Ex. J. At the time Defendants filed this motion to compel, Plaintiff had not responded via telephone or email to Defendants' request to meet and confer.

In her correspondence, Plaintiff accuses counsel of "white privilege," "racist micro-aggressions," "bullying" and "berating" her, and calling them "Satan," while ranting about

ORDER GRANTING MOTION TO COMPEL
PLAINTIFF'S DEPOSITION - 4

politics, the U.S. Supreme Court, and the state of the nation in general. Dkt. 51, Fletcher Decl., Exs. D, F, H and K. She characterized Defendants' attempts to communicate with her regarding this case and discovery as "harassment." *Id.*, Ex. D. Defendants feel that given the tenor of Plaintiff's correspondence and pleadings she has filed with the Court, meeting and conferring with Plaintiff would be futile. Dkt. 50, p. 6.

## DISCUSSION

Federal Rule of Civil Procedure 30 permits the deposition of a party. Fed. R. Civ. P. 30(a)(1). Federal Rule of Civil Procedure 37 allows for sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). When evaluating a motion to compel a deposition under Rule 37, courts weigh the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the deposition testimony in resolving the issues, and whether the discovery sought from the deposition is relevant and proportional to the needs of the case. *McVeigh v. Climate Changers Inc.*, Case No. C16-5174-RJB, 2017 WL 615428, at *4 (W.D. Wash. Feb. 15, 2017). Courts also consider whether the benefit of compelling participation in a deposition outweighs the burden and expense. *Id*. Even though she is proceeding pro se, Plaintiff is still required to comply with the Federal Rules of Civil Procedure. *Ghazalia v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Plaintiff does not dispute that her deposition is important to resolving the issues, that it is relevant and proportional to the needs of the case and is information that cannot be accessed by other means. This is particularly true because Plaintiff is the sole plaintiff alleging employment and racial discrimination against multiple parties but has yet to provide any meaningful written

or documentary evidence to support her claims.

Plaintiff has offered no legitimate reason for her failure to appear on February 10, 2022, or for her refusal to reschedule on either February 23 or 24, 2022, other than claiming she was "unavailable" for the entire month of February. Plaintiff has also provided no reasonable basis for delaying her deposition any longer. Plaintiff's refusal to appear for her deposition as noticed until she can depose twelve other individuals (the majority of whom are not parties to this action or employees of Defendants), would only serve to further delay Defendants' efforts to conduct discovery. This is particularly so as there is no evidence that Plaintiff has served the notices of videotaped depositions on these twelve individuals, hired a videographer and/or stenographer, or confirmed the availability of defense counsel or their offices.

Plaintiff also claims that Defendants have "unlimited resources," however it is unclear why, even if this were true, that Defendant's resources justify her refusal to be deposed in a case that she brought. There is also no evidence of any burden or expense that would outweigh the benefit of compelling her appearance.

Plaintiff argues that counsel for Defendants did not "meet and confer" with her or otherwise notify her ahead of time prior to selecting the February 10, 2022 deposition date. Dkt. 59, pp. 2, 6, 7, 8, and 10. Specifically, she states "Ms. Smith should not be compelled to be deposed because the Defendants did not contact Ms. Smith, in writing, to see if she was available for deposition prior to selecting February 10, 2022." *Id*., at p. 6, lines 4-7. However, there is no requirement that the parties must "meet and confer" prior to scheduling a deposition. Additionally, the record reflects that counsel for Defendants sent a letter to Plaintiff along with the deposition notice and later wrote again seeking Plaintiff's confirmation that she would attend her deposition on February 10, 2022. Dkt. 51, Exs. A and B to Dkt. 51. Defendants also offered

Plaintiff other February dates, but Plaintiff still refused to consider any dates before March 28, 2022. *Id*., at Ex. E.

Plaintiff also complains about the means of service Defendants have employed. However, as Plaintiff has not agreed to e-mail service and has not registered for on-line service through CM/ECF (both of which would be quicker, cheaper, and less "intrusive"), Defendants must use those means permitted by the Court rules, *e.g.*, personal service on a dwelling and mail, (Fed. R. Civ. P. 5(2)(B)(ii) and (C)). *See*, Dkt. 51, Fletcher Decl., Exs. F, G, H and K.

In sum, Plaintiff provides no meaningful opposition to Defendants' motion to compel. The Court reminds Plaintiff that she brought this lawsuit and by doing so, she has put her claims at issue. The people and entities she sued have a right to discover the facts behind her claims so that they may properly mount a defense. Under separate Order, the Court has ordered Plaintiff to provide full and complete answers to the outstanding interrogatories and requests for production sent to her by Defendants by April 29, 2022. If Plaintiff fails to do so, the Court will recommend that this case be dismissed.

Accordingly, it is **ORDERED** that Defendants' Motion to Compel the Deposition of Plaintiff Addie Smith (Dkt. 50) is **GRANTED**; Plaintiff shall appear for her deposition by Defendants at the earliest date selected by Defendants. No other depositions will be taken in this case before the deposition of Plaintiff. The Court will not award sanctions against Plaintiff at this time. However, if Plaintiff fails to appear for her deposition (or ignores any other Order of this Court), the Court will recommend that the District Judge dismiss her case.

DATED this 19th day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge