1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

ADDIE SMITH,

Plaintiff,

CASE NO. 2:21-cv-00629-JHC-BAT

8

v.

**ORDER DENYING PLAINTIFF'S
MOTION TO QUASH**

9

10

LEGACY PARTNERS INC, CHRISTINA
JONES, MICHAEL HOLT, GLEN
CERIDONO, SYRES PROPERTIES,
JOSEPH SYUFY, SYUFY ENTERPRISES
LP, SYWEST DEVELOPMENT,
SYHADLEY LLC,

11

12

13

Defendants.

14

Plaintiff Addie Smith moves to quash Defendants' Notices of Intent to Issue Subpoenas

15

for the Production of Documents to: EPMI, A Bayside Company; Epic Property Management;

16

LHP; Peak Living, LLC; Kohl's Department Store; Peak Living; Peak Living C/O Arm

17

Ventures, Inc.; C F Real Estate; The Property Society; Brencor Asset Management; Trion

18

Properties; Performance Properties; "And All Others." Dkt. 56. Plaintiff also seeks the

19

imposition of sanctions against Defendants. Defendants oppose the motion (Dkts. 67 and 68) and

20

Plaintiff has filed a reply and declaration (Dkts. 73, 74). Having carefully considered the parties'

21

filings and balance of the record, the Court denies the motion.

22

FACTUAL BACKGROUND

23

A.    Service of Subpoenas

On November 15, 2021 and December 2, 2021, Defendant Legacy Partners, Inc.

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 1

("Legacy") served Plaintiff, or her former counsel, with several Notices of Intent to Issue

Subpoenas on each of the various entities identified in the caption of Plaintiff's Motion. Dkt. 68,

Declaration of Kathryn Fletcher, ¶ 2, and Ex. A. Response dates for these subpoenas were set for

December 10, and December 17, 2021. *Id.*, ¶ 2.

Plaintiff did not serve objections or move to quash the subpoenas. On December 2, 2022,

the same date Plaintiff received the second Notice, Plaintiff sent letters directly to at least two of

the subpoena recipients threatening litigation if they complied with the subpoenas. Plaintiff did

not provide defense counsel with copies of her letters. Plaintiff wrote, in pertinent part:

> If you do provide my information, without an order from a Federal District Court
> Judge, you will be sued. ... Additionally, Ms. Fletcher is sending this request for
> the production of documents in violation of Federal Rules of Civil Procedure
> 45(c)(d)(e) and (g). You will be sued.

Dkt. 49, Decl. of K. Fletcher, Ex. B.

Plaintiff refused to withdraw her threats despite repeated requests from defense counsel.

*Id.*, ¶¶ 8- 9, and Exhibit C thereto. On January 24 and 25, 2022, Legacy served Plaintiff with two

other Notices of Intent to Issue Subpoenas. Dkt. 68, Fletcher Decl., ¶ 3, and Ex. B thereto.

Response dates for these subpoenas were set for February 12, 2022. *Id*. Again, Plaintiff did not

serve objections or move to quash the subpoenas, but again issued additional, identical

threatening letters to at least two of the subpoena recipients. *See*, Dkt. 49, Fletcher Decl., Ex. E

and Dkt. 55, Fletcher Decl., Ex. A.

None of the third-party subpoena recipients have served objections to the subpoenas and

none have moved to quash the subpoenas.[1] Dkt. 68, Fletcher Decl., ¶ 4. Because of Plaintiff's

---

[1] The sole possible exception is LHP Management, LLC, who cited Plaintiff's threat of litigation
as the basis for resisting the subpoena but agreed to provide items 1 through 10 in the subpoena
upon resolution of the subpoena dispute between Plaintiff and Legacy. Dkt. 68, Fletcher Decl.,
¶¶ 4, 7 and Ex. C.

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 2

promises to sue, however, EPMI required that Legacy obtain a court order before it complies

with the subpoena. Accordingly, Legacy filed a Motion to Compel Compliance with Subpoena

Duces Tecum to EPMI, A Bayside Company in the U.S. District Court for the Northern District

of California, where EPMI is located. *See*, *Legacy Partners, Inc. v. EPMI, A Bayside Company*,

CAND Case No. 3:22-mc-80037-JSC. EPMI has filed a Conditional Non-Opposition. Dkt. 11 in

CAND Case No. 3:22-mc-80037-JSC.

B.    Failure to Meet and Confer

Before "the filing of any motion," litigants "shall first contact opposing counsel to

discuss thoroughly the substance of the contemplated motion and any potential resolution."

Standing Order for Civil Cases Assigned to Judge Richard A. Jones, Dkt. 5, ¶ 6. Additionally,

"[a]ll motions must include a declaration by counsel briefly describing the parties' discussion

and attempt to eliminate the need for the motion and the date of such discussion. Filings not in

compliance with this rule may be stricken." *Id*.

Counsel for Defendants states that Plaintiff did not contact her at any time to discuss the

subpoenas at issue or any contemplated Motion to Quash. Dkt. 68, Fletcher Decl., ¶ 5. In her

Reply, Plaintiff concedes that she did not meet and confer but is "still willing to meet and confer

in person." Dkt. 73, p. 9. Plaintiff's failure to make a good faith effort to meet and confer with

Legacy's counsel *prior* to filing this motion is grounds for striking the motion. Additionally, the

Court finds that Plaintiff's motion is untimely and without merit.

DISCUSSION

A.    The Motion to Quash is Untimely

A motion to quash must be timely filed. Fed. R. Civ. P. 45(d)(3)(A). Although "timely" is

not defined in the rule, courts have generally interpreted "timely" to mean within the time set in

1   the subpoena for compliance. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238

2   F. Supp. 2d 270, 278 (D.D.C. 2002) (citing *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237,

3   240 (S.D.N.Y. 2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is

4   reasonable to assume that the motion to quash should be brought before the noticed date of the

5   scheduled deposition"); *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D.

6   Va. 1999) (a motion to quash filed 36 days after corporate representatives became aware of

7   subpoena and two months after it was due is untimely)); *Anderson v. Abercrombie and Fitch

8   Stores, Inc.*, 2007 WL 1994059, at *8 (S.D. Cal. Jul. 2, 2007) (finding untimely a motion to

9   quash filed after the date specified for document production).

10          Plaintiff acknowledges this "timeliness" requirement. Dkt. 56, p. 9, lines 12-20 (citing *In

11  re Ex Parte Application of Grupo Mexico SAB de CV*, 2015 WL 12916415, at *3 (N.D. Tx.

12  March 10, 2015) (affirming that a motion to quash a subpoena must be made prior to the return

13  date of the subpoena). Plaintiff was served successively with Legacy's Notices of Intent to Issue

14  Subpoenas on November 5, 2021, December 2, 2021, January 24, 2022 and January 25, 2022.

15  Dkt. 68, Fletcher Decl., ¶¶ 2-3. The subpoenas set successive production dates of December 10,

16  2021, December 17, 2021, and February 12, 2022, respectively. *Id*. Plaintiff did not move to

17  quash any of the subpoenas prior to their respective compliance dates. Instead, on December 2,

18  2021, on the same date she received the second Notice of Intent to Issue Subpoenas, Plaintiff

19  immediately sent letters directly to at least two of the third-party subpoena recipients threatening

20  them with litigation if they complied with the subpoena. Dkt. 68, Fletcher Decl., Ex. B. Plaintiff

21  did so again on January 28, 2022 after receiving the third Notice of Intent. *Id.*, Ex. E; Dkt. 55,

22

23

1    Fletcher Decl., Ex. A.[2]

2          Plaintiff also did not seek to quash the EPMI subpoena after EPMI counsel wrote to her

3    on December 17, 2021 advising her that she might want to obtain a protective order and that

4    EPMI intended to comply with a court order related to the subpoena. Dkt. 68, Fletcher Decl., ¶ 6,

5    Ex. D. Plaintiff also did not seek to quash the subpoenas after Legacy's counsel repeatedly

6    requested that Plaintiff withdraw the threat of litigation against the third-party subpoena

7    recipients or face a motion for sanctions. Plaintiff also did not seek to quash the Bayside

8    Company subpoena after Defendants filed a motion to compel compliance on February 2, 2022

9    in the District Court for the Northern District of California. *See* CAND Case No. 3:22-mc-

10    80037-JSC, Dkt. 1. In fact, Plaintiff did not file a motion to quash until February 22, 2022, which

11    she filed in this Court and not in the Northern District of California.

12          Plaintiff filed this motion 109, 82, 29 and 28 days after she was served with the Notices

13    of Intent to Issue Supoenas – at least 74, 67 and at least 10 days after the respective dates of

14    compliance set forth in the subpoenas. Plaintiff's motion to quash is not timely. *See, Sec'y of*

15    *Lab., United States Dep't of Lab. v. Kazu Constr., LLC*, 2017 WL 628455, at *11 (D. Haw. Feb.

16    15, 2017) (citing *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 230 (D.D.C. 2015) (motion to quash

17    filed 21 days after compliance and 50 days after service weas untimely)(vacated on other

18    grounds); *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (it was

19    not clear error for the magistrate judge to find the motion to quash or modify subpoena untimely

20    where the non-party had 3-week notice of deposition but filed motion 3 days before the

21    deposition); *Moore v. City of St. Augustine, Fla*., 2013 WL 1156384, at *1 (M.D. Fla. Mar. 14,

---

[2] Defendants have filed a motion for sanctions against Plaintiff based on her threats of litigation to subpoena recipients. Dkts. 48, 49. The Court will address the motion in a separate order.

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 5

2013) (motion to quash filed more than 40 days after date specified for compliance was untimely); *Marti v. Baires*, 2014 WL 1747018, at *2 (E.D. Cal. May 1, 2014) (finding untimely motions to modify subpoenas that were filed almost seven months after service of the subpoenas and almost five months after the production date). Only upon a timely motion must the court for the district where compliance is required quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A).

B.    There Are No Grounds for Quashing the Subpoenas Duces Tecum

Moreover, a subpoena should only be quashed or modified if the court finds that it: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. *Id*. None of these grounds exist here. The party objecting to the subpoena bears the burden of showing that another party should not be permitted to obtain the sought-after discovery. *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459 at *1 (N.D. Cal. Nov. 30, 2018).

Plaintiff does not object to the subpoenas because they failed to allow a reasonable time to comply or based on the geographical limits of Rule 45(c). Rather, Plaintiff objects to the subpoenas because *she* does not live, transact business or work within 100 miles of the companies subpoenaed. However, Rule 45(c)'s geographical limit applies to the subpoenaed entities, not to Plaintiff.

Plaintiff has also not alleged that any information sought via the subpoenas is privileged or otherwise protected. Plaintiff claims that the subpoena creates an undue burden and/or that the material sought is not relevant. However, Plaintiff does not have standing to quash a subpoena on the basis that "the non-party recipient of the subpoena would be subjected to an undue burden

1    when the nonparty has failed to object.'" *Secretary of Labor, United States Department of Labor*

2    *v. Kazu Construction, LLC*, 2017 WL 628455 (D. Hi. February 15, 2017), quoting *Chevron*

3    *Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (alteration in original);

4    see also, *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30,

5    2018) ("A party to the litigation like Mr. Botta cannot object to a non-party subpoena on the

6    grounds of relevance or burden where the non-party itself has not objected. *Wells Fargo and Co.*

7    *v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) (citing cases).").

8         Plaintiff does not specify how or why the subpoenas might pose an undue burden on the

9    third parties and none of the subpoena recipients have objected to the subpoena on any grounds.

10   For example, in its Conditional NonOpposition, EPMI represented it is prepared to comply with

11   an order compelling production of the subpoenaed material. CAND Case No. 3:22-mc-80037-

12   JSC, Dkt. 11. Likewise, LHP is prepared to produce items 1-10. Dkt. 68, Fletcher Decl., Ex. C.

13   As the moving party, Plaintiff has the burden to demonstrate that compliance with the subpoenas

14   would be unreasonable and oppressive. *See* Dkt. 56, p. 10, lines 14-25. Plaintiff has failed to

15   meet that burden.

16   C.    The Subpoenas Duces Tecum are Relevant

17        The relevance of a Rule 45 subpoena is to be determined according the standard of Fed.

18   R. Civ. P. 26. *See, e.g.*, Dkt. 56, p. 11, line 21 – p. 12, line 6. "Relevancy should be "construed

19   'liberally and with common sense' and discovery should be allowed unless the information

20   sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610

21   (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). Relevant

22   information does not have to be admissible; relevance is construed broadly, and litigants may

23   obtain discovery so long as it is "reasonably calculated to lead to the discovery of admissible

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 7

evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "The scope of discovery under the Federal Rules is extremely broad. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.*, quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Because discovery is designed to define and clarify the issues, it is not limited only to those specific issues raised in the pleadings. *Miller v. Pancucci*, 141 F.R.D. at 296 (citing *Oppenheimer*, 437 U.S. at 351).

Plaintiff asserts race and gender discrimination, harassment, and wrongful termination in violation of state and federal laws, and seeks damages including alleged wage loss and emotional distress damages. Defendants deny Plaintiff's claims and their defenses include, but are not limited to, Plaintiff's short-lived at-will employment was terminated for good cause including her failure to competently perform her job as Business Manager of the apartment community managed by Legacy; that residents and others complained about Plaintiff; that no unlawful harassing or discriminatory conduct took place; and that Plaintiff never complained of any racist or unlawful conduct. To date, Plaintiff has produced no evidence to support her claims and refused to answer interrogatories and provide documentary evidence regarding her prior employment. In fact, Plaintiff failed to identify a single prior employer.[3] To obtain this information, Legacy took steps to subpoena Plaintiff's prior employers to determine, for example, if Plaintiff was previously terminated; if prior residents or co-workers made complaints about her; if Plaintiff asserted complaints and if so, the nature of those complaints; if Plaintiff previously made claims of race or gender discrimination or harassment; and if Plaintiff

---

[3] On April 19, 2022, the Court granted Defendants' Motion to Compel and ordered Plaintiff to provide written answers to the interrogatories and to produce documents in response to the requests for production. Dkt. 96.

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 8

previously refused to vacate tenancy. These areas of inquiry are clearly relevant to Plaintiff's claims and to Defendants' defenses. The information sought in the subpoenas may also bear on Plaintiff's credibility and Plaintiff's claims for earnings, earning potential, and emotional distress damages.

Plaintiff claims the subpoenas are disproportionate to the needs of the case but none of the third-party subpoena recipients have made such an objection and the boilerplate claim of disproportionality does not satisfy Plaintiff's burden to successfully resist the relevant discovery sought by Legacy. *See*, *e.g.*, *William v. Morrison & Foerster LLP*, 2020 WL 1643977 at *1 (N.D. Cal. Apr. 2, 2020) ("Plaintiff's boilerplate 'such discovery is not proportional' argument does not satisfy Plaintiff's burden to successfully resist this relevant discovery."). Employment records are routinely found to be relevant in discovery, particularly in employment actions. *See e.g.*, *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459 at *1 (N.D. Cal. Nov. 30, 2018). "Courts have recognized that where a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced." *Guitron v. Wells Fargo Bank, N.A.*, 2011 WL 4345191, at *2 (N.D. Cal. Sept. 13, 2011) (citations omitted); *Gragossian v. Cardinal Health Inc.*, 2008 WL 11387063, at *4 (S.D. Cal. July 21, 2008) (in employment case where plaintiff made a claim for front pay, records from prior former employers regarding plaintiff's wages, benefits, duties, attendance records, performance evaluations, and records of disciplinary actions were relevant to plaintiff's claimed damages); *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011) (in employment case where plaintiff made similar discrimination claims against multiple former employers, personnel files from those employers were relevant to evidence of habit or proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident); *Kellgren v. Petco Animal Supplies, Inc.*,

2015 WL 11237636, at *3 (S.D. Cal. Apr. 10, 2015) (in employment case against former employer, performance evaluations and disciplinary records from current employer were relevant to employee's credibility).

The information sought through Legacy's subpoenas meets the standard of relevance under Fed. R. Civ. P. 26(b)(1) and Plaintiff has failed to carry her burden of demonstrating why production of the subpoenaed documents should be quashed.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion to Quash Defendants' Notice of Intent to Serve Subpoenas (Dkt 56) is **DENIED**.

2.      The subpoenas duces tecum served by Defendant Legacy Partners, Inc. shall be immediately complied with in full by all subpoena recipients who have not yet complied.

3.      Plaintiff's Request for Sanctions is **DENIED.**

DATED this 21st day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO QUASH - 10