UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>                    Plaintiff,<br><br>     v.<br><br>LEGACY PARTNERS INC, CHRISTINA JONES, MICHAEL HOLT, GLEN CERIDONO, SYRES PROPERTIES, JOSEPH SYUFY, SYUFY ENTERPRISES LP, SYWEST DEVELOPMENT, SYHADLEY LLC,<br><br>                    Defendants. | CASE NO. 2:21-cv-00629-JHC-BAT<br><br>**ORDER DENYING MOTIONS FOR EXTENSION OF TIME TO AMEND PLEADING (DKTS. 65 AND 84) WITHOUT PREJUDICE** |

    Plaintiff Addie Smith has filed a Motion for Extension of Time to Amend Pleading (Dkt. 65) and Supplemental Motion for Extension of Time to Amend Pleading (Dkt. 84). Defendants Legacy Partners, Inc., Christina Jones, Michael Holt, Glen Ceridono, SyRes Properties, LLC, Joseph Syufy, Syufy Enterprises, LP, SyWest Development, LLC, and SyHadley, LLC oppose the motions. Dkts. 69 and 88. Having considered the motions, opposition, responses, and balance of the record, the Court **DENIES** the motions without prejudice.

<u>BACKGROUND</u>

    Plaintiff filed her Complaint on May 11, 2021. Dkt. 1. Plaintiff alleges numerous employment-based claims against her former employer Legacy Partners, Inc., ("Legacy"), two Legacy employees, and six other entities and individuals. On July 8, 2021, the Court set pretrial

ORDER DENYING MOTIONS FOR
EXTENSION OF TIME TO AMEND
PLEADING (DKTS. 65 AND 84) WITHOUT
PREJUDICE - 1

1  deadlines, including deadlines to amend pleadings (March 2, 2022); complete discovery (May 3,
2  2022); and file dispositive motions (May 31, 2022). Dkt. 15. On April 15, 2022, the Court
3  extended several deadlines (including extensions of the discovery and dispositive motions
4  deadlines to June 30, 2022 and August 8, 2022, respectively), but did not extend the deadline to
5  amend pleadings. Dkt. 90. Plaintiff now seeks an extension of time to until June 7, 2022 to add a
6  cause of action for alleged violations of the Fair Housing Act. Dkt. 84, p. 7.

7      Plaintiff did not meet and confer with Defendants' counsel prior to filing her motions.
8  Dkt. 89, Declaration of Kathryn Fletcher, ¶ 2. Plaintiff states that she "didn't need to 'meet and
9  confer' … because the Court already ruled that any decisions to amend would come from the
10 Court." Dkt. 85, ¶ 34. The Court has not made such a ruling and Plaintiff was required to meet
11 and confer with counsel prior to filing her motions for extension. *See* Dkt. 5, ¶ 6 (requiring
12 compliance with meet and confer requirement and the filing of a declaration for all motions,
13 except applications for temporary restraining orders).

14     Plaintiff's failure to meet and confer with Defendants' counsel and failure to provide a
15 declaration describing the parties' discussion and attempt to eliminate the need for the motions is
16 appropriate grounds for striking her motions. *See* Dkt. 5, ¶ 6. The motions must also be denied
17 because Plaintiff has failed to comply with the Local Rules.

18 DISCUSSION

19     At this stage of the case, Rule 15 permits a party to amend its pleading only with the
20 opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is
21 very liberal and leave to amend 'shall be freely given when justice so requires.'"
22 A*merisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting
23 Fed. R. Civ. P. 15(a)). A motion to amend under Rule 15(a)(2), "generally shall be denied only

ORDER DENYING MOTIONS FOR
EXTENSION OF TIME TO AMEND
PLEADING (DKTS. 65 AND 84) WITHOUT
PREJUDICE - 2

upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Plaintiff did not attach a proposed amended complaint. Plaintiff states generally that she wants to add violations of the Fair Housing Act. Dkt. 65, p. 1. In her supplemental motion, Plaintiff claims that Defendants "created a hostile housing environment based on race" and that she is asserting a "hostile housing environment claim pursuant to Section 3604(b)." Dkt. 84, pp. 6-7. The basis of these allegations appears to be her imminent eviction from the Hadley Apartments.

On September 27, 2021, in an unpublished opinion, the Court of Appeals for the State of Washington, Division I, in *SyHadley, LLC, Respondent, v. Addie Smith, Appellant*, Case No. 80780-3-1 (consolidated with Case No. 81080-4-1) affirmed two King County Superior Court orders finding Plaintiff to be in unlawful detainer status at the Hadley Apartments and authorizing the issuance of writs of restitution for her eviction. Dkt. 80, Fletcher Decl., Ex. A. On March 2, 2022, the Supreme Court of Washington, *in SyHadley, LLC, Respondent, v. Addie Smith, Appellant*, Case No. 100333-1, denied Plaintiff's petition for discretionary review and petition for review. *Id.*, Ex. B.

Because Plaintiff has failed to provide the Court with a proposed amended complaint, the Court is not entirely clear as to the basis for Plaintiff's proposed amendment or claims related to her eviction are related to her employment discrimination claims. Without a proposed amended complaint, the Court cannot determine whether the requested amendment is brought in bad faith, is unduly delayed, futile, or will unduly prejudice the opposing parties.

Additionally, the Court is aware that Plaintiff's motions were filed after the March 2, 2022 deadline. However, due to Plaintiff's pro se status and delays in this case (which were not of the parties' making), the Court will a consider a properly filed motion to amend. If Plaintiff wishes to amend her complaint, she must first serve Defendants' counsel with a proposed amended pleading and in good faith, confer with Defendants' counsel. If the parties are unable to agree to Plaintiff's proposed amendment, Plaintiff may then file a motion to amend – and **must** attach the proposed amended complaint – with the Court **by May 9, 2022**. The Court will determine at that time if the amended pleading shall be allowed. Plaintiff is advised that any proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference because an amendment acts as a complete substitute of the original complaint and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The proposed amended complaint must also comply with Rule 8(a)(2), which requires Plaintiff to set forth "a short and plain statement" of her claims showing that she is entitled to relief. In other words, Plaintiff must include facts describing what happened, when it happened, how she was harmed, and who caused her harm.

Accordingly, Plaintiff's motions for extension (Dkts. 65 and 84) are **DENIED without prejudice**. If Plaintiff files a subsequent motion to amend, it shall comply with the requirements set forth herein. Otherwise, this case will continue under the original complaint.

DATED this 25th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge