1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>                    Plaintiff,<br><br>        v.<br><br>LEGACY PARTNERS INC. ET AL.,<br><br>                    Defendant. | CASE NO. 2:21-cv-00629-JHC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE |

This matter comes before the Court on *pro se* Plaintiff Addie Smith's motion to disqualify and/or recuse the undersigned judge. Dkt. 99.  The Court has considered the motion and DENIES it for the reasons set forth below.  The Court further DIRECTS the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

"Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f).  "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE - 1

facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

None of Plaintiff's arguments give rise to a legitimate question of the undersigned judge's impartiality. Plaintiff seeks to disqualify or recuse the undersigned judge on the grounds that "[she] has had experience with Asian judges taking the side of her employers in the past." Dkt. 99 at 3. She expresses her disagreement with several orders issued in this case by Magistrate Judge Brian Tsuchida, *Id* at 4-7; 12-13, and additionally references a Bellevue District Court judge's denial of her petition for an order of protection in 2019. *Id* at 3. However, she does not specifically argue that any of the undersigned judge's prior orders in her case display prejudice against her, nor does she raise any claims of personal or extrajudicial bias that would meet the standard laid out in 28 U.S.C. § 144 or 28 U.S.C. § 455. The only connection she makes between the undersigned judge and the two aforementioned judges is that they are all of Asian descent, thereby seeming to imply that the undersigned judge is biased against her based on this fact alone. *Id*. This claim does not meet the objective "reasonable person" standard established by the Ninth Circuit in *McTiernan, Preston,* and *Conforte*.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown that a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case. For these reasons, the Court DENIES Plaintiff's motion to disqualify

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE - 2

and/or recuse and DIRECTS the Clerk to refer this order and Plaintiff's motion to Chief Judge Ricardo S. Martinez.

Dated this 5th day of May, 2022.

*John H. Chun*
John H. Chun
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE - 3