UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEGACY PARTNERS INC. ET AL.,<br><br>　　　　Defendants. | CASE NO. 2:21-cv-00629-JHC<br><br>ORDER ON REVIEW DECLINING TO RECUSE |

On May 5, 2022, Judge John H. Chun issued an Order declining to recuse himself in response to Plaintiff's "Motion to Disqualify and/or Recuse Judge Brian Tsuchida and Judge John Chun." Dkt. #106. In accordance with this Court's Local Rules, this Order was referred to the Chief Judge for review. *See* LCR 3(e).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

ORDER ON REVIEW DECLINING TO RECUSE - 1

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed Ms. Smith's 21-page Motion. She argues Judges Tsuchida and Chun are biased because they have granted Defendants' Motions in this case. Dissatisfaction with prior judicial rulings is not sufficient cause for recusal. *See Studley, supra*. She spends many pages discussing frustrations with Defendants and their counsel, none of which is relevant to her requested relief. She argues favoritism with the rulings because Defendants have been granted more time for discovery than she has been granted. A Court's rulings in favor of one party and against another are not sufficient cause for disqualification or recusal—judicial bias must stem from an extrajudicial source.

She does not accuse Judge Tsuchida or Judge Chun of having a financial interest in the outcome of this case or of knowing Defendants personally. Instead she expresses her dissatisfaction that her case was transferred from a Black judge "to several Asian judges," *id.* at 2, and states that she "has had experience with Asian judges taking the side of her employers in the past," *id.* at 3. Ms. Smith is a Black woman who undoubtedly has experienced racism in her life. However, her so-called "experience with Asian judges" has no rational bearing on the impartiality of the judges handling this case. It is insulting to the Court to suggest that a federal judge cannot be impartial solely because of their race.

Ms. Smith otherwise fails to otherwise set forth a basis to reasonably question Judge Tsuchida or Judge Chun's impartiality.

Accordingly, the Court hereby finds and ORDERS that Judge Chun's refusal to recuse himself from this matter and denial of Ms. Smith's Motion is AFFIRMED. The Clerk is directed to refer this case back to Judge Chun.

DATED this 6th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE