UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LEGACY PARTNERS, INC. ET AL.,<br><br>　　　　　　　Defendants. | CASE NO. 2:21-cv-00629-JHC<br><br>ORDER RE: MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c) OF DEFENDANTS SYRES PROPERTIES, LLC, SYUFY ENTERPRISES, LP, SYWEST DEVELOPMENT, LLC, SYHADLEY, LLC, GLEN CERIDONO, AND JOSEPH SYUFY |

**I.**

**INTRODUCTION**

This matter comes before the Court on a motion to dismiss by Defendants Glen Ceridono, SyRES Properties, LLC, Joseph Syufy, Syufy Enterprises, LP, SyWest Development, LLC, and SyHadley, LLC (collectively, the "Syufy Defendants").  Dkt. # 28.  The Court has considered the materials filed in support of, and in opposition to, the motion, and the file herein.  Being fully advised, the Court GRANTS the motion in part and DENIES it in part.

## II.

### BACKGROUND

Plaintiff Addie Smith alleges that the Syufy Defendants at all material times herein owned the Hadley Apartments, sometimes referred to as SyHadley, LLC, in Mercer Island, Washington. Dkt. # 1 at ¶ 1.3. The Syufy Defendants contracted with third-party management company Legacy Partners, Inc. ("Defendant Legacy") to manage the Hadley Apartments. *Id.* at ¶ 1.8. On or around May 6, 2019, Defendant Legacy hired Plaintiff to work for them as a "Business Manager." *Id.* at ¶ 1.6. Plaintiff's employment with Defendant Legacy lasted until August 7, 2019, when her employment was terminated. *Id.* at ¶ 6.6.

Plaintiff identifies as Black. *Id.* at ¶ 1.2. Plaintiff alleges that, beginning in June 2019, residents of the Hadley Apartments repeatedly harassed, stalked, and physically attacked her because of her race. Dkt. # 1 at ¶¶ 4.3–4.9; 6.7–6.8. She further alleges that she reported these incidents on multiple occasions to Christina Jones ("Defendant Jones") and Michael Holt ("Defendant Holt"), employees of Defendant Legacy, and that nothing was done to correct the situation. *Id.* at ¶¶ 4.10–4.14; 6.3; 6.5; 6.9.

Plaintiff alleges that Defendant Jones and Defendant Holt required her to wear heeled shoes at work, even though White business managers were permitted to wear flat shoes. *Id.* at ¶¶ 5.2; 7.6. She further alleges that Defendant Jones told her she could not wear her hair in braids and that she would not have been hired if she had worn braids. *Id.* at ¶ 5.3. She alleges that throughout her employment, she repeatedly complained about these practices. *Id.* at ¶ 6.2.

Plaintiff alleges that over the course of her employment with Defendant Legacy, residents of the Hadley Apartments repeatedly asked her to violate state and federal housing laws. Dkt.

# 1 at ¶¶ 7.4–7.5. She alleges that her employment was terminated, at least in part, because of her refusal to comply with these requests. *Id.* at ¶ 7.2.

Lastly, Plaintiff alleges that corporate defendants initiated an "anti-harassment action" against her, claiming that she had written them "harassing emails." Dkt. # 1 at ¶ 7.7. She alleges that defendants did so in "retaliation" although she does not explain further. *Id.* at ¶ 7.8.

Plaintiff filed the instant lawsuit against Defendant Legacy, Defendant Jones, Defendant Holt, and the Syufy Defendants on May 11, 2021, alleging claims of race discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and RCW 49.60; sex discrimination under Title VII of the Civil Rights Act and RCW 49.60; hostile working environment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and RCW 49.60; retaliation under Title VII of the Civil Rights Act and RCW 49.60; wrongful termination; and premises liability/negligence. Dkt. # 1. The Syufy Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) and/or for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that they are improper defendants. Dkt. # 28; 31. Plaintiff opposes the motion. Dkt. # 32.

## III.

### ANALYSIS

A. Form of Defendants' Motion to Dismiss

As an initial matter, the Court construes the Syufy Defendants' motion not as a motion under Rule 12(b)(6), but as a motion for judgment on the pleadings under Rule 12(c). Motions under Rule 12(b) must "be made before pleading if a further pleading is permitted." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (1980) (quoting Fed. R. Civ. P. 12(b)). However, if a motion to dismiss for failure to state a claim "is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to [Rule] 12(c)." *Id.*; see also Fed. R. Civ.

P. 12(h)(2) (authorizing a motion under Rule 12(c) to raise the defense of failure to state a claim, even after an answer has been filed).  The case for construing a post-answer motion to dismiss for failure to state a claim as a Rule 12(c) motion "is further strengthened, where, as here, [the answer] include[s] the defense of failure to state a claim."  *Aldabe*, 616 F.2d at 1093.

Here, Defendants filed their answer on June 30, 2021, Dkt. # 13, and the Syufy Defendants filed the present motion to dismiss on November 24, 2021.  Dkt. # 28.  The answer includes as a defense that Plaintiff's complaint "fails, in whole or in part, to state a cause of action upon which relief can be granted."  Dkt. # 13 at 9.  Accordingly, the Court construes the Syufy Defendants' motion as a Rule 12(c) motion for judgment on the pleadings.

B.  Rule 12(c) Standard

Under Rule 12(c), "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12 (c).  The court evaluates a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion.  *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012); *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Dismissal under Rule 12(b)(6) may be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When evaluating a motion to dismiss, the court construes the complaint in the light most favorable to the non-moving party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 4

the plaintiff. *See Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). The Court also liberally construes *pro se* pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

C. Title VII Claims

Title VII of the Civil Rights Act instructs a complainant, before commencing a Title VII action in court, to file a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1); (f)(1). On receipt of the charge, the EEOC is to notify the employer and investigate the allegations. *Id.* § 2000e-5(b). If the EEOC chooses not to pursue litigation or otherwise act on the charge, the complainant is issued a "right-to-sue" notice 180 days after the charge is filed. *Id;* 29 C.F.R. § 1601.28. On receipt of this notice, the complainant may commence a civil action against the employer. 42 U.S.C. § 2000e–5(f)(1).

Plaintiff alleges in her complaint that she filed a Charge of Discrimination, 551-2020-02006, with the EEOC and that she received her Notice of Right to Sue on February 10, 2021. Dkt. # 1 at ¶ 3.4. In adjudicating a motion under Fed. R. Civ. P. 12(b)(6) or 12(c), the Court is permitted to consider the contents of documents incorporated by reference in the complaint. *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). It is clear from the referenced documents that Plaintiff named only "Legacy Partners" in her Charge of Discrimination, and that the EEOC issued a Notice of Right to Sue only as to Defendant Legacy. Dkt. # 29-1 at 2; 4.

The Supreme Court held in *Fort Bend County, Texas v. Davis,* that Title VII's charge-filing requirement is a mandatory claim-processing rule. 139 S.Ct. 1843, 1852 (2019).

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 5

Therefore, a court must enforce the rule if timely raised. *Id.* (citing *Eberhart v. United States,* 546 U.S. 12, 19 (2005)). Unlike the defendants in *Fort Bend County,* who waited years to assert the rule and thus were determined to have waived the argument, the Syufy Defendants have raised this issue in a timely motion to dismiss. Dkt. # 28.[1] Therefore, the Court must apply the mandatory claim-processing rule and dismiss all of Plaintiff's Title VII claims with prejudice.

D.  42 U.S.C. § 1981 Claims

42 U.S.C. § 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). The statute currently defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To prevail on a 1981 claim, a plaintiff must initially plead that, but for her race, she would not have suffered the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,* 140 S. Ct. 1009, 1013 (2020).

Plaintiff has not alleged a contractual or employment relationship with the Syufy Defendants that would give rise to a claim under 42 U.S.C. § 1981. Her complaint states that she was "an employee of Defendant Legacy Partners Inc." at all relevant times herein. Dkt. # 1 at ¶ 1.1. She does mention that she met on a weekly basis with Glen Ceridono (Senior Vice President of SyRES Property), that he sent her two emails with positive feedback on her work, and that he provided her with money outside the regular budget. *Id.* at ¶ 1.9. However, these allegations do not suggest that she was employed by the Syufy Defendants, or that she had or

---

[1] Defendants also raised this argument in their timely Answer. Dkt. # 13.

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 6

would have had rights under an existing or proposed contract with the Syufy Defendants. Further, Plaintiff does not allege any wrongful conduct by the Syufy Defendants.

In Plaintiff's response to the motion, she alleges substantially more facts regarding her relationship with the Syufy Defendants. Dkt. # 32 at 7. She also references and attaches several documents, including filings by SyHadley, LLC in an unlawful detainer action and an appeal thereof before the King County Superior Court and the Washington Court of Appeals. *Id.* at 3–46. She urges this Court to take judicial notice of these documents, in which SyHadley states that it employed Plaintiff, and apply principles of judicial estoppel. Dkt. # 10; 12–14. In reply, the Syufy Defendants object to the consideration of these documents on the grounds that they were not attached to, or incorporated by reference in, Plaintiff's complaint. Dkt. # 41 at 4–5. In the alternative, they argue that if this Court takes judicial notice of the documents, it should also take notice of the opinion of the Washington Court of Appeals in which it found that "Smith was employed by Legacy Partners, not SyHadley." Dkt. # 42–1 at 8.

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint. *Khoja v. Orexigen Therapeautics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Id.* These exceptions do not apply to this case. Neither the new facts alleged by Plaintiff regarding her relationship with the Syufy Defendants, nor the records of state court proceedings attached to her Response, were referenced in her initial complaint. Further, judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid.

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 7

201(b)(1)-(2).  The presence of an employment relationship between Plaintiff and the Syufy Defendants is clearly disputed.  Therefore, the Court declines to take judicial notice of the statements by the Syufy Defendants, and will consider only the contents of Plaintiff's complaint and the documents referenced therein.

Because Plaintiff has not sufficiently pleaded a contractual or employment relationship with the Syufy Defendants that would give rise to a claim under 42 U.S.C. § 1981, the Court dismisses these claims without prejudice.

E.  Claims under RCW 49.60 (Washington Law Against Discrimination)

The Washington Legislature enacted the Washington Law Against Discrimination ("WLAD") to eliminate and prevent discrimination in employment based on, among other protected categories, an individual's race or sex.  RCW 49.60.010; *see also Woods v. Seattle's Union Gospel Mission,* 197 Wash.2d 231, 238–39, 481 P.3d 1060 (2021).  The statute accordingly recognizes a "right to obtain and hold employment without discrimination[.]"  RCW 49.60.030(1)(a).  Any individual "deeming [herself]…injured by an act in violation of" the WLAD may bring a private action for injunctive relief and damages.  RCW 49.60.030(2).

An employee alleging employment discrimination must show that the misconduct affected the "terms or conditions of [their] employment."  RCW 49.60.180(3); *see also Glasgow v. Georgia-Pac. Corp.,* 103 Wash. 2d 401, 405, 693 P.2d 708 (1985).  The employment discrimination statute is limited to unfair practices by, or imputable to, an "employer" by operation of the language, "it is an unfair practice for an employer[] [t]o…" RCW 49.60.180; *see also Floeting v. Grp. Health Coop.,* 192 Wash. 2d 848, 854-55, 434 P.3d 39 (2019).  Similarly, to prevail in a hostile working environment claim under the WLAD, an individual must show that the claimed harassment or adverse employment action was "imputable to the employer."

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 8

*Loeffelholz v. Univ. of Washington*, 175 Wash. 2d 264, 275, 285 P.3d 854 (2012). To establish a claim for retaliation under the WLAD, a plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Cornwell v. Microsoft Corp.*, 192 Wash. 2d 403, 411, 430 P.3d 229 (2018); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir. 2002); *Little v. Windemere Relocation, Inc.,* 301 F3d 958, 969 (9th Cir. 2002) ("Washington courts look to interpretations of federal law when analyzing retaliation claims.").

For the reasons stated above, Plaintiff has not pleaded an employment relationship with the Syufy Defendants that would give rise to a claim under the WLAD. Plaintiff does not allege any misconduct on the part of, or imputable to, the Syufy Defendants that would violate any of the provisions of RCW 49.60, since she does not allege that she was employed by the Syufy Defendants. The Court therefore dismisses the WLAD claims without prejudice.

F. Wrongful Termination Claim

Although Plaintiff does not explicitly say so in her complaint, it appears from her arguments that she is bringing a claim for wrongful discharge in violation of public policy. The Washington common law tort of wrongful discharge in violation of public policy serves as a "narrow exception to the at-will doctrine." *Martin v. Gonzaga Univ.*, 191 Wash. 2d 712, 722–23, 425 P.3d 837 (2018). A plaintiff can establish a claim of wrongful discharge in violation of public policy if they fall into one of four categories:

> "(1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistle-blowing."

*Id.* at 723 (quoting *Gardner v. Loomis Armored, Inc.*, 128 Wash. 2d 931, 936, 913 P.2d 377 (1996)).  A plaintiff who does not fall into one of those categories can still establish a wrongful discharge in violation of public policy claim through the "Perritt test"[2]:

> "(1) The plaintiffs must prove the existence of a clear public policy (the clarity element). (2) The plaintiffs must prove that discouraging the conduct in which they engaged would jeopardize the public policy (the jeopardy element). (3) The plaintiffs must prove that the public-policy-linked conduct caused the dismissal (the causation element). (4) The defendant must not be able to offer an overriding justification for the dismissal (the absence of justification element)."

*Id.* (quoting *Gardner*, 128 Wash. 2d at 941).

Plaintiff alleges that her employment was terminated at least in part due to her refusal to violate federal housing laws.  Dkt. # 1 at ¶¶ 7.2; 7.4–5.  She also states that she was reprimanded by Defendant Holt, and employee of Defendant Legacy, for wearing flat shoes.  *Id.* at ¶ 7.6.  However, as explained above, nowhere in her complaint does she allege that the Syufy Defendants employed her or terminated her employment.  A necessary element of a wrongful discharge action is that the Plaintiff actually be discharged by the defendant.  *See Martin v. Gonzaga Univ.*, 191 Wash. 2d 712, 723, 425 P.3d 837 (2018) (explaining burden-shifting between plaintiff–employee and defendant–employer); *see generally Mackey v. Home Depot*, 12 Wash. App. 2d 557, 459 P.3d 371 (2020).  Because Plaintiff has insufficiently pleaded an employment relationship with the Syufy Defendants and does not allege that she was wrongfully discharged by the Syufy Defendants, the Court dismisses the claim without prejudice.

G. Premises Liability/Negligence Claim

To state a claim for negligence, a Plaintiff must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause.  *Tincani v. Inland Empire*

---

[2] *Martin*, 191 Wash. 2d at 723 (citing Henry H. Perritt Jr., Workplace Torts: Rights and Liabilities (1991)).

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 10

*Zoological Soc'y,* 124 Wash.2d 121, 127–28, 875 P.2d 621 (1994).  Under Washington common law, a landowner's duty of care to persons on the land is governed by the entrant's common law status as an invitee, licensee, or trespasser.  *Id.* at 128.  Generally, a landowner owes trespassers and licensees only the duty to refrain from willfully or wantonly injuring them, whereas to invitees the landowner owes an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition.  *Van Dinter v. City of Kennewick,* 121 Wash.2d 38, 41–42, 846 P.2d 522 (1993).

Plaintiff's complaint, which simply recites the elements of negligence, does not allege sufficient information to state a claim.  *See Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) ("Allegations in a complaint…may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *Iqbal,* 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citing *Twombly,* 550 U.S. at 570)).  Plaintiff does not allege whether her status was that of an invitee, licensee, or trespasser.  She does not explain the duty owed to her by the Syufy Defendants, the way in which that duty was breached, her alleged injury, or the causal link between the Syufy Defendants' actions and her injury.  She has therefore alleged insufficient facts to state a claim.  Accordingly, the Court dismisses Plaintiff's premises liability/negligence claim without prejudice.

H. Amendments to Complaint

In her Response to the Syufy Defendants' Motion to Dismiss, Plaintiff requests that she be permitted to amend her complaint.  Dkt. # 32 at 2.  Courts have discretion to grant leave to amend in conjunction with 12(c) motions and may dismiss causes of action rather than grant

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 11

judgment.  *See Harris v. Cnty. Of Orange,* 682 F.3d 1126, 1134 (9th Cir. 2012); *Carmen v. San Francisco United Sc. Dist.,* 982 F. Supp. 1396, 1401 (N. D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001).  Per the scheduling order issued on July 8, 2021, the deadline to submit amended pleadings was March 2, 2022.  Dkt. # 15.  However, the Court notes that Plaintiff's Response was filed before that deadline, on December 1, 2021.  Dkt. # 32.  Because the delay in the Court's ruling was outside of Plaintiff's control, the Court will grant an exception to the scheduling order.  Plaintiff shall have until June 9, 2022 to seek leave to amend her complaint under Fed. R. Civ. P. 15(a)(2) as to the claims that are dismissed without prejudice.

## IV.

### Conclusion

For the foregoing reasons, this Court GRANTS the Syufy Defendants' motion and dismisses Plaintiff's Title VII claims against them with prejudice.  The Court dismisses all other claims against the Syufy Defendants without prejudice.  Plaintiff is granted until June 9, 2022 to seek leave to amend her complaint under Fed. R. Civ. P. 15(a)(2).

Dated this 20th day of May, 2022,

John H. Chun
United States District Judge

ORDER RE: MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR MOTION FOR
JUDGMENT ON THE PLEADINGS UNDER FED. R.
CIV. P. 12(c) - 12