UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEGACY PARTNERS, INC. ET AL.,<br><br>　　　　　Defendants. | CASE NO. 2:21-cv-00629-JHC<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Motion To Show Cause Re Contempt, Sanctions And Dismissal For Plaintiff's Failure To Comply With Court's Orders ("Motion"). Dkt. # 111. Plaintiff did not respond to the Motion. *See generally* Dkt. The Court then granted the Motion and entered an order to show cause "Re Contempt, Sanctions and Dismissal for Plaintiff's Failure to Comply with Court's Orders." Dkt. # 119. Plaintiff did not respond to the order by the deadline of June 13, 2022. *See generally* Dkt. Given Plaintiff's failure to respond to the order to show cause, the Court makes the ruling below.

Defendants assert that Plaintiff has willfully failed to comply with the Court's Order Granting Motion to Compel Plaintiff's Deposition. Dkt. # 111 at 1. That Order warns, "[I]f Plaintiff fails to appear for her deposition (or ignores any other Order of this Court), the Court will recommend that the District Judge dismiss her case." Dkt. # 96 at 7. Defendants also assert

ORDER - 1

that Plaintiff failed to comply with the Court's Order Granting Motion to Compel and Denying Motion for Extension as Moot. Dkt. # 111 at 1. That Order warns, "[I]f Plaintiff fails to provide the discovery responses ordered herein, Rule 37(b)(2)(A) authorizes the Court to impose whatever sanctions are just, including dismissal of part or all of her claims and/or monetary sanctions, including payment of Defendants' attorney's fees for this motion and any future motion to compel the same information ordered herein." Dkt. # 95 at 10. Plaintiff has not responded to these assertions, which appear accurate to the Court based on the information provided.[1]

Given the above, at least two independent legal grounds support dismissal here:

First, the Court may properly dismiss under Federal Rule of Civil Procedure 37(d) when plaintiff's failure to participate in a deposition or otherwise participate in discovery impairs the defendant's ability to construct its defense, and where lesser sanctions are not likely to compel a plaintiff's participation in the lawsuit. *See, e.g., Hanrahan v. King County,* No. C20-144 TSZ, 2021 WL 1208583 at *1–2 (W.D. Wash. Mar. 31, 2021); *Solomon v. C R Bard Inc.*, No. C19-1469RSM, 2020 WL 7385737 at *1–2 (W.D. Wash. Dec. 16, 2020). To be sure, it appears to the Court that Plaintiff's conduct has impaired Defendants' ability to defend in this matter. And given the history in this case, including Plaintiff's repeated refusals to comply with the discovery rules and court orders, the Court finds that sanctions lesser than dismissal would likely be to no avail.

Second, the Court may properly dismiss under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to prosecute their case or comply with the court rules or a court order. *Fuller v.*

---

[1] The docket reflects that recent mail to the Plaintiff was returned as undeliverable. Dkt. ## 117 & 118. But it is *Plaintiff's* responsibility to keep the Court and opposing parties apprised of her current address. *See* LCR 10(f).

ORDER - 2

*Seattle Police Dep't*, No. C15-1837RSM, 2016 WL 7375302 at *2 (W.D. Wash. Dec. 20, 2016) (citing *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987)).  Self-represented litigants, like the Plaintiff here, are held to the same procedural rules as those parties represented by counsel.  *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).  The decision to dismiss for lack of prosecution is committed to the discretion of a district judge.  *See Budig v. Darrato*, No. CV-07-292-RHW, 2009 WL 3171251 (E.D. Wash. Sep. 29, 2009).

Before dismissing a case under Rule 41(b), the district court "need not exhaust all remedies short of dismissal but must reasonably explore 'possible and meaningful alternatives.'"  *Id.* (quoting *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1049 (9th Cir. 1971)).  The following factors are considered by the Court in ruling on a motion to dismiss for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  *Fuller*, 2016 WL 7375302 at *2 (quoting *Al-Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir. 1996)).  The defendant must also show unreasonable delay.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the Court has considered the five factors listed above.  Further, as mentioned, the Court has considered lesser sanctions and, given the circumstances of this case, finds that they would likely be futile.  And Defendants have more than established unreasonable delay.  Thus, Rule 41(b) also serves as a basis for dismissal.

Therefore, the Court DISMISSES this action without prejudice.  The Court DENIES Defendants' request for attorney fees and costs; this is without prejudice as to any future requests for legal expenses by Defendants.  The Court STRIKES the other pending motions as moot.

ORDER - 3

Dated this 14th day of June, 2022.

                                                 John H. Chun
                                               United States District Judge

ORDER - 4